572 A.2d 167

**Princess Wyonina SHIFFLETT**

v.

**STATE of Maryland.**

**No. 127, Sept. Term, 1989.**

Court of Appeals of Maryland.

April 16, 1990.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, ADKINS, CHASANOW, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) Specially Assigned).

PER CURIAM.

We granted certiorari to consider the extent of a bail bondsman's authority to arrest his principal prior to forfeiture of the bond.

## I.

The petitioner was charged on February 17, 1988 with alcohol-related driving offenses and a battery. She was released on a bail bond secured by Bob's Bail Bond. Subsequently, the surety's indemnitor on the bond expressed unwillingness to continue to be responsible on the bond. As a result, the bondsmen undertook to take charge of the petitioner and to surrender her in discharge of the bond. Locating the petitioner at a tavern, the bail bondsmen told her that her bail was being revoked. The petitioner resisted the bondsmen's efforts to take her into custody. A fight ensued and the petitioner was charged with resisting arrest and with two batteries.

At the ensuing trial before a jury in the Circuit Court for Baltimore County, the petitioner claimed that the bondsmen had no authority to detain or arrest her and that, as a consequence, her subsequent actions in resisting the arrest were lawful. She maintained that the bondsmen had no greater authority to arrest her than an ordinary citizen. She pointed out that she had neither "jumped" bail, nor left the state, or failed to appear for trial. Over her objection, the trial court instructed the jury that the bondsmen had a

contractual right in the circumstances to return the petitioner to the court's custody and that she therefore had no right to resist the bondsmen's efforts to gain control over her.

The jury convicted the petitioner, and she was sentenced to three years' imprisonment on the resisting arrest and battery convictions. The Court of Special Appeals affirmed the judgments. *Shifflett v. State*, 80 Md.App. 151, 560 A.2d 587 (1989). It held that the bail bondsmen's authority under the common law to arrest the principal was broader than that of a private citizen to arrest. It quoted at length from *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 371–72, 21 L.Ed. 287 (1872), as follows:

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge, and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another State, may arrest him on the Sabbath, and if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner.... In [Anonymous,] 6 Modern [231], it is said:

'The bail have their principal on a string, and may pull the string whenever they please and render him in their discharge.' "

The Court of Special Appeals concluded that the applicable provisions of Maryland Rule 4–217 have not altered the common law rule governing the authority of a bail bondsman to retake the principal. It said that the provisions of the rule were "but codifications of the common law right of the bail bondsman to re-arrest his or her principal either before or after forfeiture of the bond." *Id.* [80 Md.App.] at 159–60, 560 A.2d 587. The court looked "to the purpose and intent of Maryland Rule 4–217" and determined that it contained "no mention, or even suggestion, of an intent to

change the rights of a bail bondsman to rearrest his or her principal before or after forfeiture of the bond." *Id.* at 160–61, 560 A.2d 587. It concluded that Maryland Rule 4–217 "leaves intact the common law rights of a bail bondsman to arrest his or her principal." *Id.* at 161, 560 A.2d 587.

The petitioner argues that Maryland Rule 4–217(h) limits the right of a bondsman to procure the discharge of the bond at any time prior to forfeiture. She maintains that as a precondition to return of the principal to state custody, the rule requires that the bondsman obtain a commitment order from a District Court Commissioner before surrendering the principal to the custody of the court or jail.

We agree with the intermediate appellate court that Rule 4–217 did not preempt or modify the common law authority of a bail bondsman to take charge of his principal prior to forfeiture of the bond. For reasons stated in the opinion of Judge Robert M. Bell for the Court of Special Appeals, we shall affirm the judgments. We shall nevertheless direct that the Court's Standing Committee on Rules of Practice and Procedure review this subject area and consider whether the common law rule, in light of public policy considerations, should be modified by appropriate amendments to the rules to regulate authority of a bail bondsman to retake his principal prior to or after forfeiture of the bond.

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY PETITIONER.